SOGG, EXR., APPELLANT, *v.* ZURZ, DIR., APPELLEE.

[Cite as *Sogg v. Zurz*, 121 Ohio St.3d 449, 2009-Ohio-1526.]

*Unclaimed funds — R.C. 169.08(D) — Denial of interest unconstitutional.*

(No. 2007-1452 — Submitted September 16, 2008 — Decided April 8, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 06AP-883, 2007-Ohio-3219.

_____

**PFEIFER, J.**

{¶ 1} The issue before this court is whether the first sentence of R.C. 169.08(D), which provides that "[i]nterest is not payable to claimants of unclaimed funds held by the state," is constitutional. We conclude that it is not.

**Background**

{¶ 2} Appellee, the director of commerce of the state of Ohio, now Kimberly Zurz, supervises and administers the Division of Unclaimed Funds, pursuant to R.C. Chapter 169, the Unclaimed Funds Act ("UFA"). Property becomes "unclaimed funds" when the owner has not generated any specified activity for a prescribed period. R.C. 169.02. A holder of unclaimed property is required to report the property to the division, R.C. 169.03(A), which sets up an account for the reported property and credits the property to that account. Enough of the property is held in the Unclaimed Funds Trust Fund to pay anticipated claims of owners, R.C. 169.08(D), and the unclaimed funds never become the property of the holder or the state of Ohio.

{¶ 3} Appellant, Wilton S. Sogg, the executor of his mother's estate, filed a claim with the division for the return of two separate amounts: an insurance policy claim payment reported by Blue Cross & Blue Shield Mutual and

dividends reported by the Bank of New York. Sogg received a check from the division for $320.72, which represented the total of the two amounts, including interest earned through July 26, 1991, minus a five percent administrative fee. R.C. 169.08. The amount that Sogg received did not include interest earned after July 26, 1991, because R.C. 169.08(D) was amended effective July 26, 1991, to provide, "Interest is not payable to claimants of unclaimed funds held by the state." 1991 Am.Sub.S.B. No. 298, 144 Ohio Laws, Part III, 4038.

{¶ 4} Sogg was certified as the representative for the class of "[a]ll persons or entities who filed, or will file, claims for unclaimed funds with the Defendant (that is, with the Division of Unclaimed Funds of the Ohio Department of Commerce), and who have recovered unclaimed funds but not been paid interest on such funds for any period after July 26, 1991." Sogg's amended complaint alleged that R.C. 169.08(D) "is unconstitutional and void because it denies the protection of the property owner's private property rights afforded by Art. I, § 19 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution." Sogg moved for summary judgment, which the trial court granted, ruling that when the state retains interest earned on unclaimed funds, it engages in a taking. *Sogg v. White,* 139 Ohio Misc.2d 58, 2006-Ohio-4223, 860 N.E.2d 163. The court of appeals reversed, concluding that unclaimed funds are abandoned property and, therefore, that the state's retention of interest "does not constitute a taking that requires compensation." *Sogg v. Dir., Ohio Dept. of Commerce,* Franklin App. No. 06AP-883, 2007-Ohio-3219, ¶ 34. We accepted Sogg's discretionary appeal.

**Analysis**

{¶ 5} We review the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

2

**{¶ 6}** The first sentence of R.C. 169.08(D) states, "Interest is not payable to claimants of unclaimed funds held by the state." This declaration is breathtakingly bold and strikes at the core of the concept of private property because, at a stroke, the General Assembly severed the link between the owner of an asset and the income produced by that asset. Nevertheless, "the General Assembly may pass any law unless it is specifically prohibited by the state or federal Constitutions." *State v. Warner* (1990), 55 Ohio St.3d 31, 43, 564 N.E.2d 18, citing *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 162, 38 O.O.2d 404, 224 N.E.2d 906.

**{¶ 7}** Much is written in the briefs and lower court opinions about the common-law trust principle that the "[i]nterest follows the principal." *Ohio City v. Cleveland & Toledo RR. Co.* (1856), 6 Ohio St. 489, paragraph three of the syllabus. We need not consider it here because that venerable principle applies only "in the absence of a statute or stipulation to the contrary." *Eshelby v. Cincinnati Bd. of Edn.* (1902), 66 Ohio St. 71, 74, 63 N.E. 586. See *Thompson v. Indus. Comm.* (1982), 1 Ohio St.3d 244, 249, 1 OBR 265, 438 N.E.2d 1167. R.C. 169.08(D) is plainly a statute to the contrary.

### Unclaimed Funds Are Not Abandoned

**{¶ 8}** Even if the General Assembly may exercise its plenary powers to declare that "[i]nterest is not payable to claimants of unclaimed funds held by the state," it is an entirely different matter for the state to assume ownership of the interest earned. Nothing in the UFA states that the interest earned on the property held by the state becomes the property of the state. In her brief, Zurz states that the UFA "benefits the public by allowing the State to use the unclaimed funds in its possession and draw interest on those assets for public purposes," though she does not cite a specific provision of the UFA. Zurz is apparently relying on the state's "inherent sovereign authority to assume ownership of unclaimed property."

3

See *Connecticut Mut. Life Ins. Co. v. Moore* (1948), 333 U.S. 541, 547, 68 S.Ct. 682, 92 L.Ed. 863 ("The right of appropriation by the state of abandoned property has existed for centuries in the common law"). Zurz also states that "the UFA properly treats an owner's interests in unclaimed funds as forfeited by the owner's inaction." No authority for this statement is provided. The UFA does not use any form of the words "forfeited," "abandoned," or "escheated" except in referring to the laws of other states. R.C. 169.041. Nothing in the UFA indicates that the General Assembly intended to treat unclaimed funds as if they had been abandoned, forfeited, or escheated.

{¶ 9} The court of appeals relied extensively on three cases in other states to conclude that pursuant to the UFA, "unclaimed property is essentially abandoned property." 2007-Ohio-3219, ¶ 28. *Smolow v. Hafer* (Pa.Commw.2005), 867 A.2d 767; *Smyth v. Carter* (Ind.App.2006), 845 N.E.2d 219; *Hooks v. Kennedy* (La.App.2007), 961 So.2d 425. We find this reliance unpersuasive because, as the court of appeals candidly acknowledged, the "UFA does not contain a presumption of abandonment as do the statutes at issue in Indiana, Louisiana, and Pennsylvania." 2007-Ohio-3219, ¶ 28. Zurz quotes *Texaco, Inc. v. Short* (1982), 454 U.S. 516, 526, 102 S.Ct. 781, 70 L.Ed.2d 738, for the proposition that "[s]tates have the power to permit unused or abandoned interests in property to revert to another after the passage of time." Although we do not doubt that this is a fair characterization of the law in *Texaco*, it is irrelevant for present purposes because, as noted above, nothing in the UFA indicates an intent to change the ownership of the unclaimed funds, whether due to the passage of time or any other reason. Furthermore, "[f]orfeitures are not favored by the law. The law requires that we favor individual property rights when interpreting forfeiture statutes." *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368; see also *State v. Lilliock* (1982),

70 Ohio St.2d 23, 25, 24 O.O.3d 64, 434 N.E.2d 723 (forfeitures are not favored in law or equity); *Kiser v. Logan Cty. Bd. of Commrs.* (1911), 85 Ohio St. 129, 131, 97 N.E. 52 ("Whether or not a proprietor has abandoned his rights or his property, is usually a question of fact for a jury to answer, and the answer must depend primarily upon an intention by the proprietor to abandon. * * * But mere non-user is not ordinarily sufficient to establish the fact of abandonment"). We conclude that the General Assembly has not plainly legislated that unclaimed funds are or can be deemed abandoned property.

{¶ 10} The parties also agree that unclaimed funds are not abandoned property; otherwise they would not have stipulated the following: "[T]he unclaimed monies are held in trust in perpetuity for the benefit of the owners of the unclaimed property. The funds never become the property of the State of Ohio." Under the UFA, the unclaimed property remains the property of the original owner. What we are left with is the state's control over and use of the interest earned on the property of another.

**The State's Power to Take Private Property Is Limited by**

**Section 19, Article I, Ohio Constitution**

{¶ 11} Section 19, Article I, Ohio Constitution, states: "Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner." See *Cotter v. Doty* (1832), 5 Ohio 393, 398, where this court stated, "No man ought to be deprived of his property by forfeiture

without having a legal investigation." Because "the General Assembly may pass any law unless it is specifically prohibited by the state or federal Constitutions," *Warner*, 55 Ohio St.3d at 43, 564 N.E.2d 18, citing *State ex rel. Jackman*, 9 Ohio St.2d at 162, 38 O.O.2d 404, 224 N.E.2d 906, we now examine whether the first sentence of R.C. 169.08(D) is specifically prohibited by the Ohio Constitution. Because we conclude that it is, it is immaterial whether it is prohibited or permitted by the Constitution of the United States.

{¶ 12} The question becomes: Does the first sentence of R.C. 169.08(D) enable the state to assume ownership of interest earned on unclaimed funds that the state holds for the owner without violating Section 19, Article I of the Ohio Constitution? The state may limit private property rights through the exercise of its police power when "the interests of the general public require its exercise and the means of restriction [are not] unduly oppressive upon individuals." *State ex rel. Pizza v. Rezcallah* (1998), 84 Ohio St.3d 116, 131, 702 N.E.2d 81, citing *Froelich v. Cleveland* (1919), 99 Ohio St 376, 391, 124 N.E. 212, which states that general laws "must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation." See *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 41 ("Section 19, Article I requires that the taking be necessary for the common welfare"). We conclude that the first sentence of R.C. 169.08(D) violates Section 19, Article I, Ohio Constitution, as to interest earned on unclaimed funds for which a claim is ultimately submitted.

{¶ 13} "The argument is made that the constitution emanated from the people and that the welfare of the people is paramount to any private interest. Very true, but written constitutions have heretofore been framed chiefly to protect the weak from the strong and to secure to all the people 'equal protection and

benefit.' They have been constructed upon the theory that majorities can and will take care of themselves; but that the safety and happiness of individuals and minorities need to be secured by guaranties and limitations in the social compact, called a constitution. Hence, while it is declared in Article I., Section 19, of our Constitution, that private property shall be held 'subservient to the public welfare,' it is also declared that it shall ever be held inviolate and shall not be taken for the public use without compensation, in most cases compensation *first* to be made in money.

{¶ 14} "It is regrettable that there should be an apparent necessity for re-stating such familiar principles; but there seems to be a growing disposition to legislate, by ordinance and by general statute, regardless of constitutional limitations, thus imposing upon the courts the odium of declaring them to be unconstitutional." (Emphasis sic.) *Kiser*, 85 Ohio St. at 132-133, 97 N.E. 52.

### Statute of Limitations

{¶ 15} R.C. 169.08(B) states, "No statute of limitations shall bar the allowance of a claim." This sentence is dispositive as to a claim for underlying property, but it does not speak to a claim for interest. Sogg argues that R.C. 169.08(B) should apply and that there should be no statute of limitations even as to interest. We disagree; R.C. 169.08(B) cannot apply to a claim for interest because the UFA does not allow claims for interest. Zurz argues that the two-year general statute of limitations for unspecified personal-injury actions should apply, R.C. 2305.10(A). We disagree because this case does not involve a personal injury. R.C. 2305.09 states that a claim "[f]or the recovery of personal property, or for taking or detaining it" must "be brought within four years after the cause thereof accrued." We consider this the appropriate statute of limitations because this case and the UFA are concerned with the recovery of personal property.

Accordingly, Sogg may recover interest earned on his property in the four years preceding the date of his claim.

**Conclusion**

{¶ 16} "Unclaimed funds" are not abandoned; they are the property of their owner. Accordingly, the state may not appropriate for its own use, against the owner of the underlying property, interest earned on that property. The first sentence of R.C. 169.08(D) is unconstitutional. We remand to the trial court to determine the method to be used to determine how much interest is owed to each claimant.

Judgment reversed

and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Thompson Hine, L.L.P., and William C. Wilkinson; Futterman, Howard, Watkins, Wylie & Ashley, Chtd., John R. Wylie, and Charles R. Watkins; and Susman, Heffner & Hurst, L.L.P., Glenn L. Hara, and Arthur T. Susman, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and William J. Cole and John T. Williams, Assistant Attorneys General, for appellee.

_____