SOGG, Exr., et al., Appellees,

v.

ZURZ, Dir., Appellant.

[Cite as *Sogg v. Zurz,* 192 Ohio App.3d 22, 2011-Ohio-81.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–358.

Decided Jan. 13, 2011.

Thompson Hine, L.L.P., William C. Wilkinson, and Thomas W. Palmer; Donaldson Guin, L.L.C., John R. Wylie, and Charles R. Watkins; and Susman, Heffner & Hurst, L.L.P., Arthur T. Susman, and Glenn L. Hara, for appellees.

Richard Cordray, Attorney General, William J. Cole, Senior Assistant Attorney General, and John T. Williams, Assistant Attorney General, for appellant.

———

TYACK, Judge.

{¶ 1} This is the second round of appeals of litigation between a class represented by Wilton S. Sogg and the Ohio Department of Commerce. In the first round of appeals, the Supreme Court of Ohio determined that the Ohio Department of Commerce was to pay interest on unclaimed funds being held by the department. The Supreme Court remanded the case to the trial court to make a computation of the amount of that interest. See *Sogg v. Zurz*, 121 Ohio St.3d 449, 2009-Ohio-1526, 905 N.E.2d 187.

{¶ 2} Based on documents filed with the trial court, the trial judge assigned to the case issued a 26-page opinion, in which he made a computation of the interest owed. The Ohio Department of Commerce has again appealed, assigning two errors for our consideration:

[I.] The trial court erroneously determined the interest payable on successful claims for unclaimed funds.

[II.] The trial court erroneously assessed post-claim interest against the state.

{¶ 3} Because the two assignments of error are heavily intertwined, we will address them jointly.

{¶ 4} We must first address the issue of what the Supreme Court of Ohio has already decided and attempt to determine the meaning of certain portions of its opinion.

{¶ 5} The Supreme Court of Ohio began its opinion by stating:

The issue before this court is whether the first sentence of R.C. 169.08(D), which provides that "[i]nterest is not payable to claimants of unclaimed funds held by the state," is constitutional. We conclude that it is not.

Id. at ¶ 1.

{¶ 6} Taken on its face, the issue resolved by the Supreme Court was merely a decision about whether or not the state of Ohio could refuse to pay interest on the unclaimed funds being held by the Ohio Department of Commerce.

{¶ 7} The Supreme Court of Ohio then stated:

Sogg moved for summary judgment, which the trial court granted, ruling that when the state retains interest earned on unclaimed funds, it engages in a taking.

Id. at ¶ 4, citing *Sogg v. White*, 139 Ohio Misc.2d 58, 2006-Ohio-4223, 860 N.E.2d 163.

{¶ 8} Critical to the Supreme Court's ruling are findings that unclaimed funds are not abandoned, but remain the property of the party or parties who owned the funds before their transfer to the Ohio Department of Commerce and that the funds never become the property of the state of Ohio. *Sogg v. Zurz*, 121 Ohio St.3d 449, 2009-Ohio-1526, 905 N.E.2d 187, at ¶ 9–10. These findings led the Supreme Court of Ohio to refine the question before it to read:

Does the first sentence of R.C. 169.08(D) enable the state to assume ownership of interest earned on unclaimed funds that the state holds for the owner without violating Section 19, Article I of the Ohio Constitution?

Id. at ¶ 12.

{¶ 9} Section 19, Article I of the Ohio Constitution reads:

Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.

{¶ 10} The Supreme Court of Ohio answered this refined question by finding a constitutional bar to the taking of the interest earned on the unclaimed funds. Id. at ¶ 12.

{¶ 11} Reviewing all these portions of the Supreme Court's opinion, we conclude that the Supreme Court's ruling required the Ohio Department of Commerce to disgorge the interest actually earned by the state of Ohio, no more and no less. The Supreme Court of Ohio did not express an opinion as to whether or not the Ohio Department of Commerce could charge members of the class an administrative fee for processing the paperwork for members of the class. Such an administrative fee, assessed at five percent of the funds returned, was charged when funds were returned to Sogg as administrator of his mother's estate.

{¶ 12} On remand, the trial court did not really attempt to compute the amount of interest earned by the state of Ohio on the unclaimed funds owned by the members of the class. Instead, the trial court attempted to determine what a fair

return on those funds would be. The trial court also consulted statutes regarding payment of interest on funds eventually reduced to judgment, such as R.C. 1343.03(A) regarding prejudgment interest.

{¶ 13} Our interpretation of the Supreme Court's opinion presents the trial court with a potentially difficult but not insurmountable task. The trial court must determine the amount of interest actually earned on the funds owned by the members of the class but held by the state of Ohio. The trial court must then allocate that interest among the class members. Once the allocation has taken place, a judgment entry can be journalized that itemizes the dollar amount to be received by each class member as a portion of the interest actually owned by the state of Ohio on the unclaimed funds.

{¶ 14} Once the dollar amount owed to each class member has been determined, the journalized entry sum will draw statutory interest. We do not express an opinion on whether the state of Ohio can assess an administrative fee as to each owner of unclaimed funds. We also do not address the issue of attorney fees. Those issues have not been fully developed in this litigation and were not part of the Supreme Court's express mandate.

{¶ 15} We sustain the first assignment of error in part with respect to these issues.

{¶ 16} The issues before the Supreme Court of Ohio were primarily liability and the identity of the class members. As a result, the Supreme Court of Ohio also addressed the issue of the pertinent statute of limitations. The Supreme Court noted:

R.C. 169.08(B) states, "No statute of limitations shall bar the allowance of a claim." This sentence is dispositive as to a claim for underlying property, but it does not speak to a claim for interest. Sogg argues that R.C. 169.08(B) should apply and that there should be no statute of limitations even as to interest. We disagree; R.C. 169.08(B) cannot apply to a claim for interest because the UFA does not allow claims for interest. Zurz argues that the two-year general statute of limitations for unspecified personal-injury actions should apply, R.C. 2305.10(A). We disagree because this case does not involve a personal injury. R.C. 2305.09 states that a claim "[f]or the recovery of personal property, or for taking or detaining it" must "be brought within four years after the cause thereof accrued." We consider this the appropriate statute of limitations because this case and the UFA are concerned with the recovery of personal property. Accordingly, Sogg may recover interest earned on his property in the four years preceding the date of his claim.

Id. at ¶ 15.

{¶ 17} The trial court struggled with this portion of the Supreme Court's opinion and basically did not apply it. *Sogg v. White*, 139 Ohio Misc.2d 58, 2006-

Ohio-4223, 860 N.E.2d 163, ¶ 40. We do not feel at liberty to do the same. We interpret this portion of the Supreme Court's opinion to mean that Sogg and the other members of the class may recover the interest earned on their property during the four-year period that preceded the filing of Sogg's lawsuit, but no further back. Just as a person who is injured in an automobile collision can lose the ability to recover damages if the person fails to file a lawsuit within two years, persons who are owed money can lose the ability to recover those funds if they do not file a lawsuit within the time allowed by the applicable statute of limitations. Compare, R.C. 2305.10(A); R.C. 2305.09. The Supreme Court of Ohio has ruled that R.C. 2305.09 is the pertinent statute of limitations and that interest earned on Sogg's funds more than four years before the lawsuit was commenced is not payable. We are bound by that ruling, and the class is bound by that ruling. The interest actually earned for the four years preceding the filing of this lawsuit must be disgorged, but interest earned by the state of Ohio prior to the beginning of that four-year period remains the property of the state of Ohio.

{¶ 18} The first assignment of error is sustained to this extent also.

{¶ 19} We have now addressed the amount due for interest earned by the state of Ohio prior to the commencement of litigation. We have also addressed the issue of statutory interest to be paid once the dollars owed are reduced to judgment. The primary remaining issue is whether or not the state of Ohio owes funds to members of the class over and above that portion of the interest due them for the four-year period preceding the lawsuit.

{¶ 20} This issue is not easily resolved. The state of Ohio cannot be faulted for failing to pay prior to now the interest funds to be allocated based on our ruling today. The Ohio Department of Commerce did not know prior to the April 8, 2009 release of *Sogg v. Zurz,* 121 Ohio St.3d 449, 2009-Ohio-1526, 905 N.E.2d 187, that the state of Ohio owed any money at all to the members of the class. The trial court made a computation of the amount owed, and we have disagreed with that computation; so the state may still not be clear as to how much to pay to whom. This is especially so since the Supreme Court of Ohio may choose to review our ruling issued today.

{¶ 21} On the other hand, the clear finding of the Supreme Court of Ohio indicates that from the date of the filing of this lawsuit onwards, the interest on unclaimed funds in the possession of the Ohio Department of Commerce belongs to the owners of the funds. Therefore, the state of Ohio should disgorge those funds also, including all interest earned up to the date that a final judgment entry is journalized in this litigation.

{¶ 22} The trial court looked to the abstract concept of fairness and to statutes enacted by the Ohio Legislature to embody fairness in financial transactions.

The trial court's approach was reasonable, but it was not the correct resolution of the issues, given the Supreme Court of Ohio's ruling.

{¶ 23} Again, we resolve the issue of the moneys owed to persons who are members of the class represented by Sogg for the period of time between the filing of this lawsuit and the present as again being the forced disgorgement of the funds earned by the Ohio Department of Commerce for that intervening period. Stated differently, to the extent that the Ohio Department of Commerce has received financial benefit from funds owned by members of the class and still in possession of the Ohio Department of Commerce, those funds shall be paid to the members of the class. What has been taken from class members in violation of the Ohio Constitution shall be given or given back to the members of the class. The only interest payable prejudgment is the sums that the state of Ohio received by investing the money owned by members of the class.

{¶ 24} We note that in general, the state of Ohio is treated differently from the average citizen in court-related matters. Thus, for instance, the state of Ohio cannot be estopped from asserting certain arguments. See *Recording Devices, Inc. v. Bowers* (1963), 174 Ohio St. 518, 23 O.O.2d 150, 190 N.E.2d 258, paragraph one of the syllabus (equitable estoppel does not apply against the state of Ohio as a taxing statute) and *Griffith v. J.C. Penney Co., Inc.* (1986), 24 Ohio St.3d 112, 24 OBR 304, 493 N.E.2d 959 ("This court has previously refused to apply principles of estoppel against the state, its agencies or its agents, under circumstances involving an exercise of governmental functions"). The state of Ohio is always entitled to a stay of judgment without bond while pursuing a direct appeal of a trial court's judgment. See *State ex rel. Ocasek v. Riley* (1978), 54 Ohio St.2d 488, 8 O.O.3d 466, 377 N.E.2d 792.

{¶ 25} We do not view R.C. 1343.03 as authorizing the payment of prejudgment interest when the funds owed are in the possession of the state of Ohio, when a statute passed by the Ohio Legislature expressly authorized the state of Ohio to possess the funds, and when a court ultimately finds the authorizing statute to be unconstitutional. Stated perhaps more concisely, we do not view the Ohio Revised Code as mandating the payment of interest by the state of Ohio until judgment has actually been rendered against the state.

{¶ 26} The balance of the first assignment of error is sustained. The second assignment of error is sustained in part and overruled in part, due to the fact that some money is owed for the period between the filing of this lawsuit and the final judgment to be entered. We note again that the trial court has not yet addressed the issue of how counsel for the class are to be compensated.

{¶ 27} The judgment of the Franklin County Court of Common Pleas is reversed in part, and the cause is remanded for further proceedings consistent with our decision.

Judgment reversed in part
and cause remanded.

BRYANT, P.J., and KLATT, J., concur.