[Cite as *State v. Pencille*, 2023-Ohio-2922.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF CONNEAUT,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>SCOTT E. PENCILLE,<br><br>Defendant-Appellant. | CASE NOS. **2022-A-0093**<br>**2022-A-0094**<br>**2022-A-0095**<br>**2022-A-0096**<br><br>Criminal Appeals from the<br>Conneaut Municipal Court<br><br><br>Trial Court Nos. 2022 CRB 00389<br>2022 TRC 00657 A<br>2022 TRC 00657 B<br>2022 TRC 00657 C |

## O P I N I O N

Decided: August 21, 2023
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Scott E. Pencille ("Mr. Pencille"), appeals from the judgment of the Conneaut Municipal Court that ordered the forfeiture of his firearm after he pleaded guilty to a misdemeanor charge of using weapons while intoxicated. Mr. Pencille was also convicted in a separate case on two counts of operating a motor vehicle while intoxicated ("OVI") and failure to control a motor vehicle. Mr. Pencille's various convictions arose from a single motor vehicle crash that resulted from driving while

intoxicated with a loaded handgun in the console of his vehicle. These cases have been consolidated on appeal.

{¶2} Mr. Pencille raises two assignments of error, contending the trial court erred by (1) violating his fundamental rights by improperly forfeiting his firearm, and (2) failing to inform him of his rights and the effect of his plea at arraignment, thereby rendering his plea invalid.

{¶3} After a careful review of the record and pertinent law, we find Mr. Pencille's assignments of error to be without merit. We address his assignments of error out of turn for ease of discussion.

{¶4} Firstly, Mr. Pencille failed to demonstrate the trial court committed prejudicial error by violating Crim.R. 5(A), 10, and 11 when it failed to mention the forfeiture specification attached to the charge of using weapons while intoxicated. Forfeiture is a civil, not a criminal, penalty when the forfeiture is not a statutorily required punishment. When it is not mandatory, an order of forfeiture is neither a conviction nor a sentence. Further, a defendant may plead guilty to an offense while contesting an attendant forfeiture specification, which Mr. Pencille failed to do. Accordingly, the trial court's failure to mention the forfeiture specification was not a failure to explain the "nature of the charge" or a violation of Crim.R. 5(A), 10, and 11.

{¶5} Secondly, Mr. Pencille did not demonstrate the trial court committed prejudicial error by improperly ordering the forfeiture of his firearm. Pursuant to the forfeiture statute's due process requirements, the record demonstrates Mr. Pencille had notice of the potential for forfeiture via the complaint, he was afforded a hearing in which the state presented clear and convincing evidence that he had a loaded gun in his

2

possession while driving intoxicated, and the trier of fact found the firearm was subject to forfeiture. Further, the trial court is not statutorily required to make express findings.

{¶6}  The judgment of the Conneaut Municipal Court is affirmed.

## Substantive and Procedural History

{¶7}  In early October 2022, following a single motor vehicle accident, Mr. Pencille was cited for OVI, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a), and failure to control, a minor misdemeanor, in violation of Conneaut Codified Ordinances 331.34. Subsequently, he was additionally charged with a second OVI, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(d); using weapons while intoxicated, a first-degree misdemeanor, in violation of R.C. 2923.15(A), with a forfeiture specification pursuant to R.C. 2981.02(A)(1)(a); and improper handling of a firearm in a motor vehicle, a fifth-degree felony, in violation of R.C. 2923.16(D)(1), with a forfeiture specification pursuant to R.C. 2981.02(A)(1)(a).

{¶8}  Mr. Pencille's charges arose from an incident in which he crashed his vehicle off a roadway into a ditch. He reported to the officers at the scene that he was not able to tell them where he was going and that he swerved to avoid hitting four deer. The only property damage was to his vehicle, and he was uninjured. Mr. Pencille appeared to the officers to be "under the influence" and subsequently failed field sobriety tests. After he was placed under arrest, he told the officers there was a gun in his vehicle. The officers found a loaded Glock 22 caliber handgun in a holster in the center console of Mr. Pencille's vehicle. At the jail, Mr. Pencille consented to an intoxilyzer test and registered a .118, which is above the legal limit of .08.

3

{¶9} At the arraignment/plea hearing, the trial court confirmed Mr. Pencille's receipt of the complaints that were filed against him and read the charges against him and maximum penalties that could be imposed. As relevant to this appeal, the trial court omitted any mention of the forfeiture specification when explaining the using weapons while intoxicated charge. Mr. Pencille inquired, "Why does it say – why does it say use. I mean, the gun was in my console. I mean, I understand the other charge [improperly handling a firearm in a motor vehicle]. I mean, I understand you fully. You know, I was drinking with it in my truck." The court replied, "Yeah. You know what? Mr. Pencille, I'm explaining to you the charges." The court then ensured Mr. Pencille understood the maximum penalties associated with the charge.

{¶10} After explaining the remaining charges and maximum potential penalties, the trial court advised Mr. Pencille of his trial rights and plea options. Mr. Pencille pleaded guilty to using weapons while intoxicated, the two counts of OVI, and failure to control his vehicle. Mr. Pencille entered no plea on the felony charge of improperly handling a firearm in a motor vehicle, and the trial court appointed him counsel for the felony charge and the sentencing hearing, which was held a few days later.

{¶11} Prior to the sentencing hearing, the City Law Director filed a motion to dismiss the felony charge, which the court granted at the hearing. In regard to the forfeiture specification, defense counsel explained to the trial court, "as far as the – the gun forfeiture spec, specification in these cases, after speaking with my client, he was unaware that the misdemeanor charge that he had pled to had the gun specification. He would ultimately like to have that back if – obviously, the – the gun, if I'm understanding correctly, was just in the vehicle. He had not – he didn't have it on his person. It was just

4

in the vehicle at the time, and he advised that it was there and he had followed those protocols, but he – he did not have it on his person, if – if I understand correctly, and it was just he did have possession of it in the vehicle. So we would just ask the Court to take that into consideration at this time as well."

{¶12} The state responded, in relevant part, "So, the State – or the City, [Mr. Pencille] has pled to the weapon while intoxicated offense with the forfeiture specification, is asking that weapon be forfeited to the City of Conneaut for disposal. While, yes, he certainly did tell them it was in the car, once he was under arrest and they were going to search the car anyway, he had a loaded gun in his car while he was under the influence. Not a safe situation under any circumstances."

{¶13} The trial court proceeded to sentencing in the OVI case, recognizing that this incident represented Mr. Pencille's second OVI within ten years. After merging the two OVI convictions, the trial court sentenced Mr. Pencille to serve a term of 180 days in jail, with 90 days suspended, followed by a two-year period of supervised community control with conditions, a five-year driver's license suspension, a $750 fine, and court costs. Lastly, the trial court imposed a $150 fine for the minor misdemeanor failure to control offense.

{¶14} In the using weapons while intoxicated case, the trial court sentenced Mr. Pencille to serve a term of 180 days in jail, suspended, with a two-year period of supervised community control with conditions, as well as a $250 fine and court costs, to be served consecutively to the OVI case. The trial court also forfeited the firearm and its ammunition to the Conneaut Police Department.

{¶15} Mr. Pencille raises two assignments of error on appeal:

5

{¶16} "[1.] The trial court committed prejudicial error by violating Mr. Pencille's fundamental rights to due process during both the plea colloquy and sentencing hearing by improperly forfeiting Mr. Pencille's firearm.

{¶17} "[2.] The trial court committed prejudicial error by failing to inform fully Mr. Pencille of his rights and the effect of his plea at arraignment, thereby rending his plea invalid."

{¶18} For ease of discussion, the assignments of error shall be taken out of turn after a brief review of forfeiture pursuant to R.C. Chapter 2981.

### Forfeiture

{¶19} Mr. Pencille's charge of using weapons while intoxicated carried a forfeiture specification pursuant to R.C. 2981.02(A)(1)(a).

{¶20} R.C. 2981.02 allows the forfeiture of contraband, proceeds, and certain instrumentalities through either a criminal or civil proceeding. *State v. Leet*, 2021-Ohio-1334, 171 N.E.3d 835, ¶ 12 (2d Dist.).

{¶21} A criminal forfeiture proceeding is initiated by incorporating a specification in the charging instrument consistent with R.C. 2941.1417 or, after the initiation of charges has occurred, by providing the defendant with prompt notice in conformity with Crim.R. 7(E). *Id.* at ¶ 12, quoting *State v. Recinos*, 5th Dist. Richland No. 14CA9, 2014-Ohio-3021, ¶ 21.

{¶22} On the other hand, a civil forfeiture proceeding is initiated by the prosecutor's filing of a civil complaint in the Common Pleas Court requesting the forfeiture of property that is located within the jurisdiction of the prosecutor's political subdivision and that is alleged to be connected to an offense as contraband, proceeds, or an

6

Case Nos. 2022-A-0093, 2022-A-0094, 2022-A-0095, 2022-A-0096

instrumentality. *See Leet* at ¶ 12, quoting *Recinos* at ¶ 21; R.C. 2981.05(A). Regardless of whether the forfeiture proceedings are initiated in the criminal or civil context, "[f]orfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture." *Leet* at ¶ 14; *see* R.C. 2981.04(A) and (B), R.C. 2981.05(B) and (D), and R.C. 2981.03(A)(1).

{¶23} Forfeiture statutes must be strictly construed, and forfeiture may not be ordered "unless the expression of the law is clear and the intent of the legislature manifest." *State v. Lilliock*, 70 Ohio St.2d 23, 25-26, 434 N.E.2d 723 (1982). Further, "[f]orfeiture is a civil, not criminal, penalty."[1] *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 29 (a judgment entry of conviction need not include a nonmandatory, related forfeiture), *abrogated on other grounds by State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776.

{¶24} If a person pleads guilty to or is convicted of a criminal offense that includes a forfeiture specification, "the trier of fact shall determine whether the person's property shall be forfeited." R.C. 2981.04(B). The Revised Code provides for the forfeiture of three distinct categories of property: contraband, proceeds, and instrumentalities that are "used in or intended to be used in the commission or facilitation of [certain designated offenses] * * *." R.C. 2981.02(A)(1)(a)-(c). The state bears the burden of proving "by clear and convincing evidence that the property is in whole or part subject to forfeiture * * *." R.C. 2981.04(B).

---

1. R.C. 2981.04(B) was amended in 2017, in part to heighten the state's burden of proof from a preponderance of the evidence to clear and convincing evidence. *See* Sub.H.B. No. 347, 2016 Ohio Laws File 166.

7

Case Nos. 2022-A-0093, 2022-A-0094, 2022-A-0095, 2022-A-0096

**Prejudicial Error – Crim.R. 5, 10, and 11**

{¶25} In Mr. Pencille's second assignment of error, he contends the trial court committed prejudicial error by failing to fully inform him of rights and the effect of his plea at arraignment under Crim.R. 5, 10, and 11 because he was never informed of the forfeiture specification.

{¶26} Pursuant to Crim.R. 5(A), at the initial appearance in a misdemeanor case, a trial court shall permit the accused to read the complaint or provide a copy of the complaint and shall inform the defendant (1) of the nature of the charge, (2) the right to counsel, (3) that he need make no statement and that any statement may be used against him, (4) of the right to a preliminary hearing in a felony case, and (5) of the right to a jury trial and the necessity to make a demand for a jury trial in petty offense cases.

{¶27} Crim.R. 5 further provides "[i]n misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Crim.R. 10 and Crim.R. 11 applies."

{¶28} Crim.R. 10 provides the procedure for arraignments. In misdemeanor cases, Crim.R. 11 requires the trial court to explain the effect of a plea of not guilty, no contest, and guilty, and in serious misdemeanor offenses, determine the defendant is making the plea voluntarily. Crim.R. 11(D) and (E).

{¶29} Failure by the trial court to inform the accused of his rights as required by Crim.R. 5, 10, and 11 constitutes prejudicial error. *State v. Fonseca*, 124 Ohio App.3d 231, 234, 705 N.E.2d 1278 (11th Dist.1997).

{¶30} Our review of the transcript of the arraignment/plea hearing reveals the trial court ensured Mr. Pencille understood the nature of the charges against him, i.e., the

8

charges and their maximum penalties, including the charge of using weapons while intoxicated. While it is troubling Mr. Pencille expressed some initial confusion at the arraignment/plea hearing prior to pleading guilty to the using weapons while intoxicated charge, he was represented by counsel at the sentencing hearing. He did not seek to withdraw his plea prior to the sentencing hearing, and he does not contest his plea on appeal. In fact, the only issue appellate counsel raises is the purported lack of notice of the forfeiture specification at the sentencing hearing.

**{¶31}** Mr. Pencille contends a forfeiture specification goes to the nature of the charges. As noted above, forfeiture, "'is a civil, not a criminal penalty'" when the forfeiture is not a statutorily-required punishment. *State v. Court*, 11th Dist. Trumbull No. 2013-T-0122, 2014-Ohio-2712, ¶ 3, quoting *Harris*, *supra*, at 325. When it is not mandatory, an order of forfeiture is neither a conviction nor a sentence. *Id.* Mr. Pencille was convicted of using weapons while intoxicated in violation of R.C. 2923.15(A), which does not require forfeiture "'as a punishment for [the defendant's] offenses.'" *Court* at ¶ 7, quoting *Harris* at 324. Further, a defendant may plead guilty to an offense while contesting an attendant forfeiture specification. *State v. Williams*, 8th Dist. Cuyahoga No. 106178, 2018-Ohio-2199, ¶ 9. Accordingly, the trial court's failure to mention the forfeiture specification was not a failure to explain the "nature of the charge" or a violation of Crim.R. 5(A), 10, and 11.

**{¶32}** Mr. Pencille's second assignment of error is without merit.

### Due Process

**{¶33}** In his first assignment of error, Mr. Pencille contends the trial court committed prejudicial error by violating his fundamental right to due process by improperly

9

ordering the forfeiture of his firearm. More specifically, he contends the state and the trial court failed to follow the statutory forfeiture procedure, violating his right to due process.

{¶34} We apply a de novo standard of review to an appeal from a trial court's interpretation and application of a statute. *State v. Bracy*, 9th Dist. Lorain No. 17CA011202, 2018-Ohio-1977, ¶ 7. Consequently, this court reviews de novo the matter of whether a trial court correctly interpreted and adhered to the statutory scheme for forfeiture. *Id.*

{¶35} Mr. Pencille first contends the specification contained in the complaint is fatally deficient because it did not set forth the "alleged use or intended use of the property in the commission or facilitation of the offense" pursuant to R.C. 2981.04(A)(1)(c).

{¶36} Because Mr. Pencille failed to raise this issue at the trial court level, we review only for plain error. *See State v. Jones*, 11th Dist. Ashtabula No. 2016-A-0017, 2017-Ohio-251, ¶ 62-66; *accord State v. Mitchell*, 1st Dist. Hamilton Nos. C-220155 & C-220156, 2022-Ohio-4355, ¶ 25.

{¶37} Our review of the complaint undercuts his assertion. The forfeiture specification states: "The Law Director further finds and specifies that *at the time of the commission of said offense, the foregoing Defendant did have a possessory interest in property*, to-wit: Glock 22C semiautomatic handgun (Serial No. MTX331), *which was an instrumentality that was used as contraband involved in an offense* and is subject to forfeiture *under R.C. 2981.02(A)(1)(a).*" (Emphasis added.) While the specification was, admittedly, worded poorly, the handgun was alleged to be "contraband" under R.C. 2981.02(A)(1)(a), not an "instrumentality" pursuant to R.C. 2981.04(A)(1)(c) as Mr. Pencille contends.

10

Case Nos. 2022-A-0093, 2022-A-0094, 2022-A-0095, 2022-A-0096

**{¶38}** Mr. Pencille next contends the trial court committed prejudicial error by failing to hold a forfeiture hearing and/or make additional findings as to whether forfeiture was warranted under the facts of the case.

**{¶39}** A review of the sentencing hearing transcript reveals defense counsel informed the court that Mr. Pencille was unaware of the forfeiture specification at the time of the arraignment/plea hearing and requested the firearm be returned. In turn, the state presented the facts of the incident, i.e., Mr. Pencille was driving while intoxicated with a loaded handgun in the center console, and requested that "the weapon be forfeited to the City of Conneaut for disposal." The trial court ordered the forfeiture of the firearm after sentencing Mr. Pencille for the using weapons while intoxicated charge.

**{¶40}** Pursuant to the forfeiture statute's due process requirements, the record demonstrates Mr. Pencille had notice of the forfeiture potential via the complaint and a hearing in which the state presented clear and convincing evidence that Mr. Pencille had a loaded gun in his possession while driving intoxicated. The trier of fact found "the property is subject to forfeiture." *Leet*, *supra*, at ¶ 14; *see* R.C. 2981.04(B).

**{¶41}** Further, the trial court is not required to make "additional" findings where the property subject to forfeiture is considered "contraband." *See* R.C. 2981.09(B) ("Contraband and any proceeds obtained from the offense are not subject to proportionality review under this section). Even when the trial court is required to conduct a proportionality review pursuant to R.C. 2981.09 to determine the value of property subject to forfeiture, it is not required to make express findings. *See Bracy* at ¶ 13 (determining the trial court is not required to make express findings under R.C. 2981.09, the proportionality statute, so long as it is evident the trial court considered the mandatory

11

statutory factors).  In the absence of evidence to the contrary, we presume the trial court followed the statute.  *See id.*

**{¶42}**  Having determined the trial court followed the forfeiture statutory procedure and Mr. Pencille's due process rights were not violated, we find his first assignment of error to be without merit.

**{¶43}**  The judgment of the Conneaut Municipal Court is affirmed.

JOHN J. EKLUND, P.J., concurs with a Concurring Opinion,

MATT LYNCH, J., dissents with a Dissenting Opinion.

_____

JOHN J. EKLUND, P.J., concurs with a Concurring Opinion.

**{¶44}**  I agree with the conclusions in the main opinion as to the second assignment of error.  However, I write separately to express my trepidation with the analysis as to the first assignment of error.  The main opinion suggests that the forfeiture specification in the complaint was "worded poorly" but ultimately concludes the weapon to be forfeited was alleged to be "contraband" subject to forfeiture under R.C. 2981.02(A)(1)(a) rather than an "instrumentality" subject to forfeiture under R.C. 2981.02(A)(1)(c).

**{¶45}**  Reading the language of the forfeiture specification alone, I would not reach that conclusion.  The main opinion observes that despite its the poor wording (charging that the firearm was "an instrumentality used as contraband"), the forfeiture specification

12

cites Division (A)(1)(a) (addressing contraband) rather than Division (A)(1)(c) (addressing instrumentalities).

**{¶46}** A different result might be warranted here. The forfeiture specification is patently ambiguous. It is likely as not that the State intended the property to be designated an "instrumentality," but simply cited the wrong subpart of R.C. 2981.02(A). The record confirms this possibility. At the sentencing hearing, appellant's trial counsel argued against forfeiture by suggesting that the weapon was not an instrumentality because "he didn't have it on his person. It was just in the vehicle at the time[.]" This indicates to me that trial counsel believed the specification alleged the gun was an instrumentality subject to forfeiture under R.C. 2981.02(A)(1)(c) and framed the defense strategy accordingly.

**{¶47}** I nevertheless concur in the judgment of this opinion because appellant failed to raise a challenge to any alleged defect in the indictment in the lower court. A challenge to a defect in a forfeiture specification "is effectively a challenge to an indictment." *State v. Schmidt*, 3rd Dist. No. 13-13-07, 2014-Ohio-758, 9 N.E.3d 458, ¶ 7. With few exceptions, failing to challenge the indictment prior to trial "results in a waiver of these defenses or objections." *Id.* at ¶ 7-8; *see State v. Noling,* 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 60 (failure to raise defenses or objections waives due process rights to notice of the specific charge.)

**{¶48}** I would not find, as the main opinion does, that there was no plain error here, because there is nothing plain about the ambiguous specification. Its interpretation is, to me, at best, a jump ball. Therefore, I believe appellant waived his challenge to the language of the forfeiture specification through his failure to raise this issue below.

Case Nos. 2022-A-0093, 2022-A-0094, 2022-A-0095, 2022-A-0096

{¶49} Accordingly, I concur.

_____

MATT LYNCH, J., dissents with a Dissenting Opinion.

{¶50} I respectfully dissent from this court's judgment that Pencille's rights were not violated when he entered a guilty plea resulting in the forfeiture of his firearm. Given the serious and significant nature of ordering a defendant to forfeit his interest in a firearm, it is necessary that the defendant be fully aware of the nature of the forfeiture. In the present matter, given the unclear wording of the complaint in relation to forfeiture and the lack of any advisement to clarify the fact that a forfeiture would occur, Pencille was improperly deprived of his constitutionally protected right to his firearm and reversal is warranted.

{¶51} It is first necessary to clarify the type of forfeiture applicable here, given that the majority discusses both the standards for criminal and civil forfeiture. In the present matter, there is no question that the forfeiture of the firearm was a criminal forfeiture, as it was initiated through a forfeiture provision included in the criminal complaint rather than by filing a civil complaint for forfeiture. R.C. 2981.04(A)(2); R.C. 2981.05(A). Where a defendant forfeits property as a result of pleading guilty to the charges in the complaint, i.e., in a criminal forfeiture, it is necessary that a defendant be fully aware of the fact that he is facing forfeiture. This means the indictment must include, "to the extent it is reasonably known at the time of filing, the nature and extent of the alleged offender's interest in the property, a description of the property, and, if the property is alleged to be

14

an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense." R.C. 2941.1417(A).

{¶52} Here, there are significant concerns with the manner in which Pencille pled guilty as it relates to the forfeiture specification. A review of the transcript indicates that Pencille had "just" received a copy of the complaint prior to being addressed at arraignment. Without any advisement that there was a forfeiture specification or representation by counsel, he pled guilty at that arraignment. The court explained the charges against him but did not mention at any point the forfeiture specification. Pencille's argument that he was unaware of the forfeiture specification is not unreasonable under these circumstances. Crim.R. 5(A) requires that, at an initial appearance, "the judge or magistrate shall permit the accused or the accused's counsel to read the complaint or a copy thereof." It is unclear here if Pencille was given the full opportunity to review the complaint, given the short time he had it in his possession, or even recognized the existence of the forfeiture provision listed underneath the charge of Using Weapons While Intoxicated. In these circumstances, it bears repeating that "[f]orfeiture[s] are not favored by the law." (Citation omitted.) *Sogg v. Zurz*, 121 Ohio St.3d 449, 2009-Ohio-1526, 905 N.E.2d 187, ¶ 9.

{¶53} Further, even presuming that Pencille should have reviewed the complaint fully and been aware of the forfeiture specification before entering his guilty plea without advisement by the court, the wording of the specification in this case is troubling. The forfeiture specification stated that the handgun "was an instrumentality that was used as contraband involved in an offense." This could easily lead to confusion about the reason the handgun was subject to forfeiture. R.C. 2981.02(A)(1)(a)-(c) provides that property is

15

subject to forfeiture when it is "[c]ontraband involved in an offense;" proceeds from the commission of an offense; or "[a]n instrumentality that is used in or intended to be used in the commission or facilitation of" certain offenses, including misdemeanors only "when forfeiture is specifically authorized by a section of the Revised Code or by a municipal ordinance." Here, it appears that the firearm was not an instrumentality, as the offense in question was a misdemeanor and the pertinent statute does not address forfeiture. The wording that the handgun was "an instrumentality that was used as contraband" conflates the two separate grounds for forfeiture and does not make clear which the State was advancing. In addition, at oral argument on appeal, the prosecutor stated that the weapon was an "instrumentality" and then, after further questioning by the panel, indicated that a weapon possessed while intoxicated would be contraband. If even the State is still uncertain of the basis for seeking forfeiture, how could an unrepresented defendant be expected to understand and enter a knowing plea to the offense with the forfeiture specification? *See State v. Gerken*, 6th Dist. Fulton No. F-22-007, 2023-Ohio-2244, ¶ 53 (the order of forfeiture was improper where the "trial court did not meaningfully address the issue of forfeiture at the sentencing hearing, there were questions as to whether forfeiture would occur throughout the proceedings, and neither the trial court nor the prosecutor made any attempt to schedule a forfeiture hearing").

**{¶54}** These issues are of particular significance where forfeiture involves a legally owned firearm. The Second Amendment of the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." *Also* Ohio Constitution, Article I, Section 4 ("[t]he people have a right to bear arms for their defense and security"). This

16

right has been repeatedly reaffirmed by the United States Supreme Court. *D.C. v. Heller*, 554 U.S. 570, 595, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) ("[t]here seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms"); *New York State Rifle & Pistol Assn., Inc. v. Bruen*, __ U.S. __, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). The Ohio Supreme Court has also consistently emphasized the importance of this right. "The right to bear arms is part of Ohio's heritage. A right-to-bear-arms clause was in the Bill of Rights of our first Constitution." *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 5. This right is "fundamental" and one of which citizens "cannot be deprived." (Citation omitted.) *Id.* at ¶ 8.

{¶55} Pencille's ability to keep and bear arms is impacted here by depriving him of his firearm. This is not to say that forfeiture of firearms is impermissible; the State of Ohio has permitted forfeiture where the proper legal process is followed. The defendant did not intend under the law to forfeit his right to a firearm without being aware that this was a consequence of his plea. Further, while there is no question that Pencille did not object to forfeiture in the lower court, a finding of plain error is proper where the confusion and lack of advisement surrounding Pencille's plea of guilty is evident, since it prevents a "manifest miscarriage of justice." (Citation omitted.) *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶56} While the writing judge emphasizes that forfeiture is a civil penalty as a basis for finding no advisements to Pencille were necessary, reaching such a conclusion precludes recognition of the significance of forfeiture, particularly where a firearm is involved. To advise a defendant of forfeiture, or, at the least, clarify forfeiture where the

17

reasons for forfeiture are ambiguous as was the case here, allows for a fair outcome for a defendant. *See State v. Thrower*, 62 Ohio App.3d 359, 383, 575 N.E.2d 863 (9th Dist.1989) (where a defendant faced a penalty of forfeiture in addition to incarceration, "the trial court should have been more careful in how the pleas were taken" and delineated the penalty of forfeiture).

{¶57} While recognizing that authority requiring a defendant to be specifically advised of forfeiture as part of the plea hearing typically has related to an offense where forfeiture is a statutory penalty, such a distinction should not be drawn in the case of deprivation of the right to a firearm due to the impact on the defendant's constitutional rights. Crim.R. 11 recognizes the significance of advising a defendant of constitutional rights in felony matters and a plea entered without advisement of those constitutional rights delineated in the rule is entered involuntarily. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14. Given that keeping and bearing a firearm is a constitutional right, requiring an advisement to a defendant that he may lose that right through deprivation of his firearm would provide due process and allow for an unquestionably knowing plea, just as do advisements of other rights under Crim.R. 11(C)(2)(c). Forfeiture of a firearm should be held to a higher standard than other property due to its constitutionally protected nature. An advisement of forfeiture prior to entering a guilty plea with a forfeiture provision would easily resolve this concern and place no undue burden on the courts. This principle should be equally applicable in felony and misdemeanor cases, since the consequences of forfeiting a firearm are the same regardless of the level of the offense. Treating a forfeiture like a maximum penalty, of which a defendant must be advised, would also recognize that the penalty of forfeiture

18

has significant costs to a defendant, including at least the temporary deprivation of the right to utilize a firearm.

{¶58} For the foregoing reasons, I respectfully dissent and would hold that Pencille could not enter a knowing plea when the record indicates a lack of sufficient awareness of forfeiture of his firearm, thereby impacting his ability to exercise his Second Amendment right.

19

Case Nos. 2022-A-0093, 2022-A-0094, 2022-A-0095, 2022-A-0096