[Cite as *State v. Bolton*, 2017-Ohio-7263.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27154 |
| | : | |
| v. | : | T.C. NO. 15-CR-777 |
| | : | |
| GARY D. BOLTON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of _____August_____, 2017.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GARY D. BOLTON, 355 East Orchard Hill Drive, West Carrollton, Ohio 45449
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Gary D. Bolton, acting pro se, appeals a decision of the Montgomery County Court of Common Pleas, Criminal Division, overruling his "Motion to Release Property."   The trial court issued its decision overruling Bolton's motion on June

20, 2016.   Bolton filed a timely notice of appeal with this Court on June 23, 2016.

{¶ 2} The incident forming the basis for the instant appeal occurred on March 14, 2015, when police officers from West Carrolton, Ohio, were dispatched to Bolton's residence to perform a welfare check after he had contacted a nurse at a local hospital and threatened to commit suicide.   Initially, Bolton refused to come out of his house after being ordered to by police.   The SWAT team was activated and neighboring residences were evacuated.   During negotiations with police, Bolton threatened to "pick off officers with a bow and arrow."   Eventually, Bolton came out of his house and was arrested.   The arresting officers stated that Bolton smelled of alcohol and that he admitted to having "a few drinks."

{¶ 3} After Bolton was arrested and taken into custody, his residence was searched pursuant to a warrant and the following items were removed: 1) green hatchet with a knife attached; 2) brown survival knife; 3) black bayonet; 4) black machete; 5) black and gold handled knife; 6) Buckshot tactical knives; 7) Homeland security knife; 8) bear claw; 9) micro-tech spring loaded knife; 10) long swords; 11) "flip-out" knives; 12) ninja throwing stars; 13) bat man wall climbers; 14) bow; 15) arrows; and 16) a compound bow with arrows.

{¶ 4} On April 4, 2015, Bolton was indicted for inducing panic, in violation of R.C. 2917.31(A)(2), a felony of the fifth degree.   Shortly thereafter, on May 12, 2015, Bolton pled guilty to the charged offense and was placed on community control.   The record establishes that neither the terms of Bolton's plea nor the terms of his community control sanctions contained any information regarding the disposition of the weapons seized from his residence.   We also note that Bolton's indictment did not contain a forfeiture

specification with respect to the seized items. Bolton did not file a direct appeal of his conviction and sentence.

{¶ 5} Bolton's community control terminated on March 4, 2016. On March 22, 2016, Bolton filed a "Motion to Release Property," wherein he asked the trial court for the return of all the items that were seized from his residence when he was arrested on March 14, 2015. The State filed a memorandum opposing Bolton's motion on May 9, 2016. On June 20, 2016, the trial court issued a decision overruling Bolton's motion for the release of his property.

{¶ 6} It is from this judgment that Bolton now appeals.

{¶ 7} Initially, we note that Bolton's pro se brief presents no distinct assignments of error. Upon review of his brief, however, Bolton's argument appears to be that the trial court erred when it overruled his motion to return the items that were seized from his residence when he was arrested on March 14, 2015.

{¶ 8} Rule 16 of the Ohio Rules of Appellate Procedure requires an appellant's brief to include a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(3). This rule also requires several other things missing from Bolton's brief: a table of contents, with page references, App.R. 16(A)(1); a table of cases, App.R. 16(A)(2); a statement of the case or statement of the facts relevant to the assignments of error, App.R. 16(A)(5) and (6); and an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," App.R. 16(A)(7). Appellate Rule 12 provides that a court of appeals may

"disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2).

{¶ 9} While we are mindful that such omissions authorize this Court to either strike the offending portions of the brief or sua sponte dismiss the appeal, we generally still review the merits of appellant's claims in the interests of justice. Although Bolton has failed to comply with App.R. 16(A)(3), we will, nevertheless, address his argument.

{¶ 10} The property seized from Bolton's residence on March 14, 2015, was taken pursuant to a search warrant. "Property seized under a warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant." Crim.R. 41(D)(1); *see also* R.C. 2933.26 (property seized to be kept by court) and R.C. 2933.27 (disposition of seized property before trial). R.C. 2981.11(A)(1) requires that any property seized pursuant to a warrant and that is in the custody of a law enforcement agency "be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose."

{¶ 11} R.C. Chapter 2981[1] permits "[a] law enforcement officer [to] seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). Such property includes "contraband," "proceeds" from the commission of an offense, and "instrumentalities" involved in the commission of felonies and certain other offenses. *See* R.C. 2981.01(B)(13) (defining "property subject to forfeiture"). A

---

[1]The trial court rendered its judgment in this matter on June 20, 2016. On April 6, 2017, certain provisions in some of the statutes contained in Chapter 2981 were amended. References and citations to statutes in this opinion are as they existed at the time of the trial court's judgment.

State or political subdivision acquires provisional title to property subject to forfeiture, upon commission of an offense giving rise to forfeiture. R.C. 2981.03(A)(1). This provisional title is subject to claims of third parties and a final forfeiture adjudication. R.C. 2981.03(A)(1); *State v. Jamison*, 2d Dist. Montgomery No. 23211, 2010–Ohio–965, ¶ 21.

{¶ 12} R.C. 2981.02 allows the forfeiture of contraband, proceeds, and certain instrumentalities.

> A prosecuting attorney may then pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F).  Criminal forfeiture is initiated by including in the charging instrument a specification consistent with R.C. 2941.1417 or by providing the defendant with "prompt notice," in conformity with Crim.R. 7(E), that the property is subject to forfeiture. R.C. 2981.04(A)(1) and (A)(2).  Civil forfeiture is initiated by filing "a complaint requesting an order that forfeits the property to the state or a political subdivision." R.C. 2981.05(A).

*State v. Recinos*, 5th Dist. Richland No. 14CA9, 2014–Ohio–3021, ¶ 21.

{¶ 13} The State has not pursued forfeiture of the property seized from Bolton's residence on March 14, 2015, either through a criminal or civil proceeding.  The indictment does not contain a forfeiture specification, precluding criminal forfeiture under R.C. 2981.04. *State v. Moreno*, 2d Dist. Miami No. 2016-CA-9, 2017-Ohio-479, ¶ 23.  With certain exceptions not relevant here, a civil-forfeiture complaint must be filed within 60 days of the property's seizure.  However, the filing period may be extended by agreement of the parties or by the trial court upon a showing of good cause. R.C.

2981.03(F).[2]

{¶ 14} Forfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture. *See* R.C. 2981.04(A) and (B), 2981.05(B) and (D), and 2981.03(A)(1). Before the final forfeiture adjudication, the state or a political subdivision holds "provisional title to property subject to forfeiture," permitting the state or political subdivision to seize, hold, and protect the property. "Title to the property vests with the state or political subdivision when the trier of fact renders a final forfeiture verdict or order." R.C. 2981.03(A)(1); *see also* R.C. 2981.04(G) and 2981.05(E).

{¶ 15} A person with an interest in seized property may seek its return by means of a motion filed in the criminal case before the prosecuting attorney has either filed a charging instrument containing a forfeiture specification, R.C. 2981.03(A)(4), or by means of a petition filed in a civil-forfeiture proceeding. R.C. 2981.05(C). In either case, the trial court must conduct a hearing and must return the property upon proof of an entitlement to the property. R.C. 2981.03(A)(4) and 2981.05(B) and (C).

{¶ 16} In the instant case, the State retained the property seized from Bolton without complying with R.C. Chapter 2981. The prosecuting attorney did not provide Bolton with notice that the property was subject to forfeiture by amending his indictment to add a forfeiture specification. The matter of forfeiture was not mentioned in Bolton's plea form or his judgment entry of conviction. The trial court did not conduct a hearing,

---

[2]We note that effective April 6, 2017, the legislature struck the portion of R.C. 2981.03(F) which contained the thirty and sixty-day time limit in which a civil forfeiture action could be initiated by the State.

find that the property was subject to forfeiture, or place on the record an order of forfeiture. Nor did the State pursue civil forfeiture of the property.

{¶ 17} In the absence of a final forfeiture adjudication, the State's interest in the property seized from Bolton remains "provisional." R.C. 2981.03(A)(1); *see also State v. North*, 2012-Ohio-5200, 980 N.E.2d 566, ¶12 (1st Dist.). Additionally, the forfeiture statutes contemplate a post-conviction adjudication by providing for, among other things, an extension of the time for filing a civil-forfeiture complaint by agreement of the parties or upon a showing of good cause. *State v. Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 33; R.C. 2981.03(F).[3] Therefore, the trial court, upon Bolton's motion for return of his property, should have provided him with the procedural protections afforded by the civil-forfeiture statute. *See State v. North,* 2012-Ohio-5200, 980 N.E.2d 566, ¶12; *State v. Clark,* 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, ¶ 16 (3rd Dist.). Where the statutory requirements for forfeiture have not been met, we have no choice but to reverse the decision of the trial court and remand for further proceedings. *State v. Woods*, 5th Dist. Licking No. 12-CA-19, 2013-Ohio-1136, ¶ 44.

{¶ 18} Bolton's sole assignment of error is sustained.

{¶ 19} Bolton's sole assignment of error having been sustained, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J., concurs.

---

[3]*See* footnote 2, *supra.*

HALL, P.J., dissenting:

{¶ 20} Bolton's non-firearm weapons were removed from his residence under a search warrant. He was convicted of the fifth-degree felony of inducing panic. The State did not pursue either a criminal or civil forfeiture. More than a year after disposition of the criminal case, he filed a motion for return of his property.

{¶ 21} The time for criminal forfeiture expired long ago. Criminal forfeiture is initiated by including a forfeiture specification in the charging instrument, R.C. 2981.04(A)(1), or if forfeiture is not reasonably foreseen at that time, by giving prompt notice to the offender that the property is subject to forfeiture, R.C. 2981.04(A)(2). Neither was done in this case.

{¶ 22} The forfeiture statute provides Bolton no avenue for relief through civil forfeiture either. A civil forfeiture action "may" be commenced by a prosecutor by filing a complaint for civil forfeiture. R.C. 2981.05(A). I can find no statutory authority for a "reverse" forfeiture—a forfeiture initiated by a defendant—except perhaps R.C. 2981.03(A)(4), which provides that "[a] person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." But that section does not apply here. R.C. 2981.03(A)(4) further provides that at a hearing on the motion, "the person shall demonstrate by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property."[4] Here, there is no allegation or indication that the search-warrant supported seizure of Bolton's property was unlawful. Indeed, Bolton contests the

---

[4] *See* footnote 1, *supra.*

State's retention of the property, not the property's seizure.

{¶ 23} In my opinion, the proper procedure to recover the property is an action of replevin. The Fifth District held in *State v. Young,* 5th Dist. Richland No. CA-2810, 1991 WL 87203 (May 3, 1991), that after judgment in a criminal case, a trial court does not have jurisdiction to hear a motion for the return of seized property. Rather, the proper remedy, said the *Young* court, is an action of replevin. Similarly, the Sixth District in *State ex rel. Jividen v. Toledo Police Dept.*, 112 Ohio App.3d 458, 679 N.E.2d 34 (6th Dist.1996), held that the proper remedy for the return of property seized at the time of the defendant's arrest was not mandamus but a replevin action. Finally, the forfeiture statute itself suggests that an action for return of property is the appropriate remedy. R.C. 2981.05(C) (now at (G)) provides that "[i]f a timely petition for pretrial hardship release is not filed, or if a petition is filed but not granted, the person [with an interest in the property] *may file a claim for the release of the property under the Rules of Civil Procedure.*" (Emphasis added.). I believe that this section contemplates a counterclaim to a civil forfeiture action, if the State has filed a forfeiture complaint, or an independent civil action of replevin, if the State has not pursued forfeiture.

{¶ 24} In the context of a criminal case, it would seem more efficient to allow the owner of seized property simply to apply for the property's return to the court that exercised control over the criminal action. But that's not what the forfeiture statute allows. Perhaps the legislature should amend it.

{¶ 25} Because I believe that the proper remedy for Bolton to seek return of his property is a replevin action, under Chapter 2737 of the Revised Code, I would affirm the decision of the trial court and therefore dissent.

. . . . . . . . . .

Copies mailed to:

Andrew T. French
Gary D. Bolton
Hon. Mary Katherine Huffman