[Cite as *State v. Roberts*, 2020-Ohio-3391.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-495A |
| | : | |
| ANDRE J. ROBERTS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of June, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

BEN M. SWIFT, Atty. Reg. No. 0065745, P.O. Box 49637, Dayton, Ohio 45449
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Andre J. Roberts appeals from his conviction, following his guilty pleas, on six counts of trafficking in heroin. We hereby affirm the judgment of the trial court.

{¶ 2} Roberts was indicted on August 21, 2017 on 34 counts[1] of drug-related offenses. The indictment also included a forfeiture specification related to a sum of currency. Roberts initially pled not guilty. On November 13, 2017, Roberts entered pleas of guilty to six counts of trafficking in heroin (Counts 1, 3, 9, 15, 21, and 28 in the indictment), in violation of R.C. 2925.03(A)(1). Counts 1, 3, and 28 were felonies of the fourth degree, and Counts 9, 15, and 21 were felonies of the fifth degree. He also agreed to forfeit the currency. On December 7, 2017, the court sentenced Roberts to 12 months each on Counts 1, 3, and 28, and to 10 months each on Counts 9, 15, and 21. The court ordered that the sentences be served consecutively, for a total term of 66 months.

{¶ 3} A prior attorney retained by Roberts filed a notice of appeal on his behalf on January 11, 2018, as well as a motion for leave to file a delayed appeal, because the notice of appeal was untimely; this Court sustained the motion for delayed appeal. On July 30, 2018, this Court issued a notice of intent to remove counsel, noting that appellate counsel had failed to file an appellate brief. Appellate counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), as well as a motion to withdraw as counsel. This Court notified Roberts of the *Anders* filing and gave him 60 days to file a pro se brief assigning any errors for our review. Roberts's pro se brief was received on January 9, 2019, and the State responded on March 5, 2019.

{¶ 4} On March 25, 2019, this Court filed a Decision and Entry which noted that a

---

[1] The indictment contained 35 counts, but Count 27 indicted a different person for a drug offense.

"retained attorney is not required to comply with the process set forth in *Anders* in order to withdraw," and we sustained retained counsel's motion to withdraw. This Court ordered Roberts to advise it in writing whether he wished to proceed with the appeal on the pro se brief he had filed on January 9, 2019 or to seek the appointment of new counsel to represent him in this appeal. By written correspondence, Roberts requested the appointment of new counsel to represent him on appeal. (Decision and Entry, April 26, 2019.)

{¶ 5} We appointed an attorney to represent Roberts on April 29, 2019, and that attorney filed an *Anders* brief on Roberts's behalf on July 29, 2019. Counsel raised three potential assignments of error. On August 12, 2019, we gave Roberts 60 days to file a pro se brief assigning any errors for our review; no brief was received.

{¶ 6} In a Decision and Entry filed on November 6, 2019, this Court observed that, although the record reflected that a full transcript of the proceedings had been ordered, the record before us did not contain a transcript of Roberts's December 4, 2017 plea hearing. Because a determination that there are no meritorious issues for appeal pursuant to *Anders* cannot be made unless the record contains transcripts of all on-the-record proceedings in the trial court, this Court rejected the *Anders* brief, appointed new counsel, and ordered new counsel to supplement the record, review the entire record, and raise any issues found have arguable merit.

{¶ 7} On August 12, 2019, Roberts's current attorney was appointed to represent him. Roberts now asserts three assignments of error on appeal.

{¶ 8} The first assignment of error states:

THE RECORD IN THIS CASE DOES NOT SUPPORT

FORFEITURE AND THE STATUTORY REQUIREMENTS FOR FORFEITURE WERE NOT MET.

**{¶ 9}** Roberts's indictment included the following specification after the 35th count: Specification of Forfeiture for Proceeds and/or Instrumentalities: The Grand Jurors further find and specify that the substance, devise, instrument, or article involved in the offense, to-wit: $4,150 in U.S. Currency, constitutes proceeds derived from or acquired through the commission of a felony offense and/or was used in or intended for use in the commission of a felony, and therefore is subject to forfeiture pursuant to Chapter 2981 of the Ohio Revised Code.

**{¶ 10}** At Roberts's plea hearing, after the court delineated the offenses set forth in counts 1, 3, 9, 15, 21, and 28, and their maximum penalties, the court stated:

The plea form indicates that in return for the plea of guilty to these six charges and an agreement to forfeit $4,150 in U.S. currency, which is set forth in the specification of forfeiture as constituting proceeds derived from or acquired through the commission of a felony offense or used or intended for use in commission of a felony, in return for the plea of guilty to those six charges and the forfeiture agreement, the State will move to dismiss the remaining counts of the indictment and a presentence investigation will be conducted prior to disposition.

**{¶ 11}** Defense counsel indicated that these were the terms of the agreement. The court then informed Roberts that, before he could be required to forfeit the $4,150, the State would be required to prove by clear and convincing evidence that the currency

constituted proceeds "derived from or acquired through the commission of a felony offense and/or was used or intended to be used in the commission of a felony and was a substance, device, instrument, or article involved in the offense." Roberts indicated his understanding of this requirement, reiterated his intention to waive the rights that had previously been discussed with him, and indicated his desire to enter the plea agreement and "admit" to the forfeiture of the $4,150.

{¶ 12} Roberts's plea from set forth that he pled guilty to counts 1, 3, 9, 15, 21, 28 and forfeited the $4,150 in currency, in exchange for dismissal of the remaining counts in indictment and the preparation of a presentence investigation report.

{¶ 13} With respect to forfeiture, this Court has stated:

R.C. Chapter 2981 permits "[a] law enforcement officer [to] seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). Such property includes "contraband," "proceeds" from the commission of an offense, and "instrumentalities" involved in the commission of felonies and certain other offenses. *See* R.C. 2981.01(B)(13) (defining "property subject to forfeiture"). A State or political subdivision acquires provisional title to property subject to forfeiture, upon commission of an offense giving rise to forfeiture. R.C. 2981.03(A)(1). This provisional title is subject to claims of third parties and a final forfeiture adjudication. R.C. 2981.03(A)(1); *State v. Jamison*, 2d Dist. Montgomery No. 23211, 2010-Ohio-965, ¶ 21.

(Footnote omitted.) *State v. Bolton*, 2017-Ohio-7263, 97 N.E.3d 37, ¶ 11 (2d Dist.).

{¶ 14} R.C. 2941.1417 governs specifications concerning the forfeiture of property;

it provides:

(A) Property is not subject to forfeiture in a criminal case unless the indictment, count in the indictment, or information charging the offense specifies, to the extent it is reasonably known at the time of filing, the nature and extent of the alleged offender's interest in the property, a description of the property, and, if the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense. The specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:

"SPECIFICATION (or SPECIFICATION TO THE FIRST COUNT). The grand jurors (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that (set forth the alleged offender's interest in the property, a description of the property subject to forfeiture, and any alleged use or intended use of the property in the commission or facilitation of the offense)."

(B) The trier of fact shall determine whether the property is subject to forfeiture.

{¶ 15} The forfeiture specification in Roberts's indictment was consistent with the requirements of R.C. 2941.1417(A) in terms of its wording and location. Significantly, Roberts agreed -- orally at his plea hearing and in writing on his plea form -- to forfeit the $4,150 pursuant to his plea agreement, whereby multiple charges were dismissed in exchange for his pleas of guilty to six counts. In other words, the forfeiture was

effectuated by the plea agreement, not the statutory provisions governing forfeiture. *See State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753, 886 N.E.2d 916, ¶ 47. Accordingly, we conclude that Roberts's first assigned error lacks merit, and it is overruled.

{¶ 16} We will consider Roberts's second and third assignments of error together. They are as follows:

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S EXCESS SENTENCE.

THE RECORD DOES NOT SUPPORT CONSECUTIVE SENTENCES.

{¶ 17} With respect to the review of sentencing on appeal, this Court has noted:

Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. In general, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2d Dist. Montgomery No. 26307, 2016-Ohio-1269, ¶ 25.

*State v. Lumford*, 2d Dist. Clark Nos. 2017-CA-71, 2017-CA-72, 2018-Ohio-1949, ¶ 6.

**{¶ 18}** This Court has further specifically noted:

A trial court, under R.C. 2929.14(C)(4), may impose consecutive sentences if the following findings are made:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Where * * * the R.C. 2929.14(C)(4) findings are made, "an appellate

court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Barnett*, 2d Dist. Montgomery No. 27660, 2018-Ohio-4133, ¶ 92, quoting State v. *Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 38. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find the record fails to support the trial court's findings." (Citations omitted.) State v. *Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7.

*State v. Crim*, 2d Dist. Clark No. 2018-CA-38, 2018-Ohio-4996, ¶ 8-9.

**{¶ 19}** At Roberts's sentencing hearing, he acknowledged that he failed to appear for his presentence investigation interview, and that he was in Columbus, Ohio, at the time "trying to do tree work." Roberts testified that he was unable to arrange transportation to the interview. He further acknowledged that he had previously served six years in prison for robbery, and that he was subsequently placed on mandatory post-release control for three years on December 10, 2015. According to Roberts, he was released from post-release control on March 14, 2017, for "good behavior." The court indicated, "September, October, and November of 2016,[2] you were still on post-release control. You had been on post-release control about nine months, ten months tops when you started selling, but you were let off early for good behavior." Roberts acknowledged that he began selling drugs that were "given" to him and that he paid for the drugs after

---

[2] The six counts to which Roberts pled guilty provide occurred in this time period.

selling them.

{¶ 20} In response to questions from the court, Roberts stated that he completed the 10th grade in Columbus, Ohio, and that he did not obtain his GED while in prison, although he attended GED classes. However, the presentence investigation report stated that he had obtained his GED. The court noted, "[m]aybe that could have been cleared up if you had shown up for your interview."

{¶ 21} In imposing sentence, the court indicated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The court further indicated:

Under [R.C.] 2929.12(B), it does appear that the offenses were committed for higher [sic] or part of organized criminal activity. As to factors under [R.C.] 2929.12(C), one factor that seems to be evident that do [sic] not apply, but it says that in committing the offense, the offender did not cause or expect to cause physical harm to persons or property. With the opioid epidemic, as its being called, being a factor in this community and others around the State and in the country, I don't know how anybody could sell heroin and not expect that there was going to be physical harm to someone as a result of that.

* * *

As to recidivism factors under [R.C.] 2929.12(D), the Defendant was a previously adjudicated delinquent, was not rehabilitated to a satisfactory degree after prior adjudication of delinquency, has a history of criminal conviction and did not respond favorably to sanctions previously imposed.

Further, at the time that he committed these offenses, he was on post-release control with the Ohio Department of Rehabilitation and Corrections Adult Parole Authority.

I don't find genuine remorse. No military service record to consider, and the Defendant scored high on the Ohio Risk Assessment survey. Under [R.C.] 2929.13(A), mandatory community control is not applicable because of the prior felony conviction. In 2008 in juvenile court, the Defendant was adjudicated delinquent for a burglary charge that was amended to a breaking and entering. That was transferred to Franklin County for a disposition, which would indicate that was his county of residence. In 2009, back in Springfield, the Defendant was charged as a juvenile of aggravated robbery that was transferred to the general division adult section.

As has been discussed earlier, he was convicted of robbery, two counts of robbery as originally charged with two counts of aggravated robbery, and that resulted in the prison term we spoke about earlier. Based upon the factors present in this case, the Court finds that a prison term is consistent with the purposes and principles of the sentencing under Revised Code 2929.11. The Defendant is not amenable to available community control sanctions, further finds that a combination of community control sanctions would demean the seriousness of his conduct and the impact upon the community, that a sentence of imprisonment is commensurate with the seriousness of his conduct and impact upon the community and

does not place an unnecessary burden on the State governmental resources.

[The court imposed sentence for all counts.]

* * * The Court finds at this time the consecutive sentence is necessary to protect the public from future crime and punish the Defendant, and consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he poses to the public.

The Court also finds the Defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the Defendant. Therefore, the six sentences are ordered to be served consecutively to each other for a total of 66 months.

* * *

{¶ 22} Roberts's sentence is within the statutory range. R.C. 2929.14(A)(4) and (5). As reflected above, the trial court considered the relevant factors and made the necessary consecutive sentencing findings as set forth in R.C. 2929.14(C)(4); those specific findings are also reflected in Roberts's judgment entry of conviction. Roberts's presentence investigation report reflected a history of criminal conduct dating back to a young age.[3] We do not find that the record clearly and convincingly fails to support the trial court's consecutive sentencing findings. Accordingly, Roberts's second and third assignments of error are overruled.

{¶ 23} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

---

[3] At his plea hearing, Roberts indicated that he was 25 years old.

TUCKER, P.J. and HALL, J., concur.


Copies sent to:

John M. Lintz
Ben M. Swift
Andre J. Roberts
Hon. Richard J. O'Neill