[Cite as *State v. Leet*, 2021-Ohio-1334.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28870 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-1678 |
| | : | |
| ROY B. LEET, II | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of April, 2021.

. . . . . . . . . . .

CHRISTINE L. BURK, Atty. Reg. No. 0050559, City of Miamisburg Prosecutor's Office, 10 North First Street, Miamisburg, Ohio 45342
    Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, 101 Southmoor Circle NW, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Roy B. Leet, II, appeals from an order of the Miamisburg Municipal Court which denied his motion for return of a firearm. Leet filed a timely notice of appeal on August 10, 2020.

{¶ 2} On October 13, 2019, Miami Township Police responded to a report of two individuals fighting with one another. Leet and another individual, Brian Whitehead, were both charged with disorderly conduct, in violation of R.C. 2917.11(A)(1), a minor misdemeanor. On October 16, 2019, Leet pled guilty to the charged offense; the trial court imposed a fine of $130 and court costs in the amount of $120.

{¶ 3} On October 25, 2019, the trial court sent a letter to the Chief of the Miami Township Police Department (MTPD), Charlie Stiegelmeyer, which stated in pertinent part:

> I am contacting you at the request of Mr. Whitehead, because I am concerned with Mr. Roy Leet's behavior. Mr. Leet seems to be suffering from some mental health problems, and his conduct is disturbing. I wanted to make you aware of the situation, and ask that you check on Mr. Leet before this escalates further and results in someone really getting hurt.

Supplemental Motion and Memorandum for Return of Firearm, Exhibit A.

{¶ 4} Thereafter, Chief Stiegelmeyer directed Sergeant Paul Nienhaus to conduct a welfare check on Leet and place him in a hospital for a 72-hour mental health admission. *Id.*, Exhibit B. On October 28, 2019, Sergeant Nienhaus and two other officers traveled to Leet's residence. Sergeant Nienhaus informed Leet that they had been ordered by the Chief of Police to place Leet into protective custody and to transport him to a hospital for a mental health evaluation. Once at Kettering Hospital, an application for emergency

admission was completed by an MTPD officer. Nienhaus, however, remained at Leet's residence; he asked Leet's mother to turn over Leet's firearm to the MTPD, but she refused. Nienhaus then contacted Chief Stiegelmeyer and asked him how to proceed. Stiegelmeyer ordered Nienhaus to seize the firearm because "Leet was considered under disability now since he was being mentally evaluated." Sergeant Nienhaus then proceeded to seize the firearm, a .45 caliber Springfield XD handgun. *Id.*, MTPD Receipt, Exhibit C.

{¶ 5} On November 22, 2019, counsel for Leet sent a letter to Chief Stiegelmeyer in which he requested the immediate return of the firearm. Shortly thereafter, Leet's counsel received an undated reply letter from Chief Stiegelmeyer which stated in pertinent part:

> * * * We will be unable to comply with this request, however, as the Miamisburg Municipal Court Hnbl Judge Robert Rettich III has attached a forfeiture order to the final docket (termination) entry advising that this handgun is to be forfeited to authorities (for destruction).

*Id.*, Exhibit F.

{¶ 6} After receiving Chief Stiegelmeyer's letter, Leet's counsel reviewed the online docket and discovered that a handwritten notation dated November 21, 2019, had been added to the judgment entry, which stated "Forfeit 45 cal Handgun." Judgment Entry of Conviction, Oct. 16, 2019. The record does not establish that Leet was served with a notice of forfeiture, and no forfeiture hearing was held prior to the November 21, 2019 order.

{¶ 7} On December 2, 2019, Leet filed a motion for the return of his firearm. On

June 9, 2020, Leet filed a supplemental memorandum in support of that motion. On July 6, 2020, a hearing was held before the trial court on Leet's motion for the return of his firearm. On July 15, 2020, the trial court denied Leet's motion. Leet made an oral motion to stay the forfeiture of the firearm, which the trial court granted.

{¶ 8} It is from this decision that Leet now appeals.

{¶ 9} Leet's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RETURN OF HIS FIREARM.

{¶ 10} Leet contends that the trial court erred when it denied his motion for the return of his firearm for the following reasons: 1) he was not under a mental health disability; 2) his firearm was not subject to forfeiture under R.C. 2981; and 3) his firearm was seized and ordered forfeited without due process. We agree.

{¶ 11} R.C. Chapter 2981 permits "[a] law enforcement officer [to] seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). Such property includes "contraband," "proceeds" from the commission of an offense, and "instrumentalities" involved in the commission of felonies and certain other offenses. See R.C. 2981.01(B)(13) (defining "property subject to forfeiture"). A State or political subdivision acquires provisional title to property subject to forfeiture upon commission of an offense giving rise to forfeiture. R.C. 2981.03(A)(1). This provisional title is subject to claims of third parties and a final forfeiture adjudication. R.C. 2981.03(A)(1); State v. Jamison, 2d Dist. Montgomery No. 23211, 2010-Ohio-965, ¶ 21.

{¶ 12} R.C. 2981.02 allows the forfeiture of contraband, proceeds, and certain instrumentalities.

A prosecuting attorney may then pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F). Criminal forfeiture is initiated by including in the charging instrument a specification consistent with R.C. 2941.1417 or by providing the defendant with "prompt notice," in conformity with Crim.R. 7(E), that the property is subject to forfeiture. R.C. 2981.04(A)(1) and (A)(2). Civil forfeiture is initiated by filing "a complaint requesting an order that forfeits the property to the state or a political subdivision." R.C. 2981.05(A).

*State v. Recinos*, 5th Dist. Richland No. 14CA9, 2014-Ohio-3021, ¶ 21.

{¶ 13} The State has not pursued forfeiture of the firearm seized from Leet's residence on October 13, 2019, through a proper criminal or civil proceeding. The disorderly conduct charge did not contain a forfeiture specification, precluding criminal forfeiture under R.C. 2981.04. *State v. Moreno*, 2017-Ohio-479, 85 N.E.3d 238, ¶ 23 (2d Dist.).

{¶ 14} Forfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture. *See* R.C. 2981.04(A) and (B), R.C. 2981.05(B) and (D), and R.C. 2981.03(A)(1). Before the final forfeiture adjudication, the State or a political subdivision holds "provisional title to property subject to forfeiture," permitting the State or political subdivision to seize, hold, and protect the property. "Title to the property vests with the state or political subdivision when the trier of fact renders a final forfeiture verdict or order." R.C. 2981.03(A)(1); *see*

*also* R.C. 2981.04(G) and R.C. 2981.05(E).

{¶ 15} A person with an interest in seized property may seek its return by means of a motion filed in the criminal case before the prosecuting attorney has filed a charging instrument containing a forfeiture specification, R.C. 2981.03(A)(4), or by means of a petition filed in a civil-forfeiture proceeding. R.C. 2981.05(C). In either case, the trial court must conduct a hearing and must return the property upon proof of an entitlement to the property. R.C. 2981.03(A)(4) and R.C. 2981.05(B) and (C).

{¶ 16} In *State v. Bolton*, 2017-Ohio-7263, 97 N.E.3d 37 (2d Dist.), the trial court denied the defendant's motion for the return of property, which was filed after he was convicted and after he served his sentence. *Id.* at ¶ 5. The property at issue was seized from the defendant's residence pursuant to a search warrant and remained in the possession of the police. *Id.* at ¶ 3. As in this case, the State failed to pursue either criminal or civil forfeiture of the property. *Id.* at ¶ 13. Therefore, we reversed the judgment of the trial court and held that, "where the statutory requirements for forfeiture have not been met, we have no choice but to reverse the decision of the trial court and remand for further proceedings." *Id.* at ¶ 17.

{¶ 17} Unlike *Bolton*, Leet's firearm was *not* seized pursuant to a search warrant. Rather, the MTPD acted on behalf of the trial judge, who sent a letter to Chief Stiegelmeyer *after* Leet had pled guilty and been convicted. The MTPD then placed Leet into protective custody, transported him to a hospital for a mental health evaluation, and completed an application for emergency admission. When asked how to further proceed, Chief Stiegelmeyer told Sergeant Nienhaus to seize the firearm because "Leet was considered under disability now since he was being mentally evaluated." Nienhaus

then seized the firearm.

{¶ 18} The State argues that Leet was under a disability because he was "being mentally evaluated" and that he is not entitled to the return of his firearm pursuant to R.C. 2923.13(A)(5), which states in pertinent part:

(A)    Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(5) The person is under adjudication of mental incompetence, has been adjudicated as a mental defective, has been committed to a mental institution, has been found by a court to be a mentally ill person subject to court order, *or is an involuntary patient other than one who is a patient only for purposes of observation*. As used in this division, "mentally ill person subject to court order" and "patient" have the same meanings as in section 5122.01 of the Revised Code.

(Emphasis added.)

{¶ 19} As previously stated, Leet was admitted as an involuntary patient at Kettering Hospital on October 28, 2019, for a 72-hour hold *for purposes of observation*. In our view, Leet was specifically excluded from the disability language set forth in R.C. 2923.13(A)(5).   Therefore, he cannot be denied the return of his firearm based upon that section of the statute because he was merely being observed during his time as an involuntary patient at Kettering Hospital and was not under a mental health disability.

{¶ 20} On November 22, 2019, counsel for Leet sent a letter to Chief Stiegelmeyer

requesting the immediate return of the firearm. Stiegelmeyer sent a letter to Leet's counsel in reply which referenced the handwritten notation, ostensibly included by the trial court and dated November 21, 2019, which stated "Forfeit 45 cal Handgun." The record does not establish that Leet was served with notice of forfeiture, and no forfeiture hearing was held prior to the November 21, 2019 order. It was only after Leet filed the motion for the return of his firearm on December 2, 2019, that the trial court finally held a hearing on the matter.

{¶ 21} The State retained the firearm seized from Leet without complying with R.C. Chapter 2981. The prosecuting attorney did not provide Leet with notice that the property was subject to forfeiture, nor did the State initiate civil forfeiture of the property. Additionally, the matter of forfeiture was not mentioned in Leet's plea form or his judgment entry of conviction until over a month after he was convicted, and then only in a short handwritten notation.

{¶ 22} In the absence of a final forfeiture adjudication, the State's interest in the property seized from Leet remains "provisional." R.C. 2981.03(A)(1); *see also State v. North*, 2012-Ohio-5200, 980 N.E.2d 566, ¶ 12 (1st Dist.). Additionally, the forfeiture statutes contemplate a post-conviction adjudication by providing for, among other things, an extension of the time for filing a civil-forfeiture complaint by agreement of the parties or upon a showing of good cause. *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 33; R.C. 2981.03(F). Therefore, upon Leet's motion for return of his firearm, the trial court should have provided him with the procedural protections afforded by the civil-forfeiture statute. *See North* at ¶ 12; *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, ¶ 16 (3d Dist.). Where the statutory requirements for

forfeiture have not been met, we have no choice but to reverse the decision of the trial court and remand for further proceedings. *See Bolton,* 2017-Ohio-7263, 97 N.E.3d 37, at ¶ 17.

{¶ 23} Leet's assignment of error is sustained.

{¶ 24} The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .


WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Christine L. Burk
J. David Turner
Hon. Robert W. Rettich, III