[Cite as *State v. Crim*, 2018-Ohio-4996.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-38 |
| | : | |
| v. | : | Trial Court Case Nos. 2016-CR-278 |
| | : | and 2017-CR-574 |
| JAMIE ALLEN CRIM | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 14th day of December, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Jamie Crim, asserts that the trial court's imposition of consecutive sentences was disproportionate to his conduct, and, as a result, we should reverse the consecutive service and order the imposition of concurrent prison terms. We cannot conclude that the trial court's finding that consecutive sentences were not disproportionate to the seriousness of Crim's conduct was clearly and convincingly not supported by the record. The trial court's judgment will, accordingly, be affirmed.

**Facts**

{¶ 2} In Clark County Case No. 2016-CR-278 (2016 case), Crim was indicted for felonious assault, a second degree felony. Crim pleaded guilty to the inferior offense of aggravated assault, a fourth degree felony, and was sentenced to community control sanctions (CCS).

{¶ 3} Crim, while still serving the CCS sentence, was, in Clark County Case No. 2017-CR-574 (2017 case), indicted on one count of theft, two counts of receiving stolen property, and two counts of tampering with identity numbers to conceal a vehicle's identity. Crim, as part of a negotiated plea agreement, pleaded guilty to two counts of receiving stolen property (fourth degree felonies) and one count of tampering with a vehicle's identity numbers (a fifth degree felony). The State of Ohio, in exchange, dismissed the remaining counts, requested the preparation of a Presentence Investigation (PSI), and agreed to remain silent regarding sentencing.

{¶ 4} Based upon Crim's pleas in the 2017 case, the State initiated a revocation proceeding in the 2016 case. Crim, prior to the trial court's sentencing in the 2017 case,

admitted that by virtue of his conduct in the 2017 case he had violated the CCS condition that he obey all laws.

{¶ 5} The trial court, in the 2017 case, imposed 18-month prison sentences on each count of receiving stolen property and a 12-month prison sentence on the tampering with a vehicle's identity numbers count. The trial court, turning to the 2016 case, revoked the CCS and imposed an 18-month prison term. The trial court ordered that the prison terms in the 2017 case be served in a consecutive fashion, and that the 2016 prison sentence be served consecutively to the 2017 prison term, resulting in a prison term of 66 months. This appeal followed.

### Crim's Assignment of Error

{¶ 6} Crim's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY SENTENCING MR. CRIM TO CONSECUTIVE SENTENCES TOTALING FIVE AND A HALF YEARS IN PRISON.

{¶ 7} Crim, consistent with the record, does not assert that the trial court failed to make the consecutive service findings mandated by R.C. 2929.14(C)(4) or that these findings were not incorporated into the trial court's sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Further, Crim, with one exception, does not contest the R.C. 2929.14(C)(4) findings, with the exception being Crim's contention that the record does not support the trial court's finding that consecutive service was not disproportionate to the seriousness of Crim's conduct.

## Appellate Review of Consecutive Service

{¶ 8} A trial court, under R.C. 2929.14(C)(4), may impose consecutive sentences if the following findings are made:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Where, as here, the R.C. 2929.14(C)(4) findings are made, "an appellate

court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Barnett*, 2d Dist. Montgomery No. 27660, 2018-Ohio-4133, ¶ 92, quoting *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 38.   "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find the record fails to support the trial court's findings."   (Citations omitted.) *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7.

### Crim's Argument

{¶ 10} Crim asserts that the trial court's finding that consecutive service was not disproportionate to his conduct was not supported by the record.   Crim, citing to *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197 (8th Dist.),[1]  posits that a proportionality analysis focuses upon whether the defendant's consecutive sentence "fits the crime."   Crim, from this, asserts that "it simply makes no sense to impose community control for the violent crime of aggravated assault, and then impose consecutive prison terms for non-violent theft crimes.   Unlike those cases involving serious or violent conduct, for which consecutive sentences are appropriate, Mr. Crim's non-violent theft offenses did not warrant consecutive sentences."

{¶ 11} The R.C. 2929.14(C)(4) proportionality finding requires the trial court to find

---

[1] *State v. Moore*, which involved a situation where Moore received a significantly greater prison term than the prison term received by an arguably more culpable co-defendant, was decided before *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, which, in accordance with R.C. 2953.08(G)(2), established the discussed very deferential appellate standard of review regarding felony sentences.

"that consecutive sentences are not disproportionate to the seriousness of the offender's conduct <u>and</u> to the danger the offender poses to the public * * * ." (Emphasis added.) Thus, the proportionality analysis considers the defendant's conduct and whether the offender poses a future danger to the public. A proportionality analysis, given this linkage, does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate.

{¶ 12} Crim's conduct includes a significant juvenile criminal history and an adult criminal history that includes violent conduct (the aggravated assault conviction) and conduct which has caused its victims to suffer economic loss (the receiving stolen property and the tampering with a vehicle's identity numbers convictions). We cannot, given this history, conclude that the trial court's proportionality finding is clearly and convincingly not supported by the record.

{¶ 13} For the foregoing reasons, Crim's sole assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
John A. Fischer
Hon. Richard J. O'Neill