[Cite as *State v. Robinson*, 2023-Ohio-3546.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1034

    Appellee                                 Trial Court No.  CR0202202554

v.

Dennis E. Robinson                               **DECISION AND JUDGMENT**

    Appellant                                Decided:  September 29, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, J.**

**{¶ 1}** Appellant, Dennis E. Robinson, appeals from the January 23, 2023 judgment of the Lucas County Court of Common Pleas sentencing him to an indefinite prison sentence of 12 ½ to 17 ½ years following his guilty pleas to involuntary manslaughter and tampering with evidence.  For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural Background

{¶ 2} On September 13, 2022, the Lucas County Grand Jury indicted Robinson on charges of murder and felonious assault, Counts 1 and 2. By agreement of the parties, two additional counts, involuntary manslaughter, Count 3, and tampering with evidence, Count 4, were charged by information. All of the charges stemmed from the September 3, 2022 stabbing death of an individual in Toledo, Ohio.

{¶ 3} Pursuant to a plea agreement, Robinson pleaded guilty to involuntary manslaughter and tampering with evidence. The state agreed to dismiss the remaining charges at sentencing.

{¶ 4} At the January 17, 2023 sentencing hearing, Robinson's counsel advocated for community control in light of Robinson's age (55) and his substance abuse and mental health issues. Counsel stated that Robinson took the upbringings of his six children seriously. Robinson then expressed his remorse for the incident. He stated that he had a knife for protection while staying in a vacant house. Robinson stated that he was high at the time of the stabbing and after the victim poured beer on him, he "pulled a knife out and tried to run him off the porch and I accident[ly] stabbed him and I'm sorry." The victim's brother gave an impact statement.

{¶ 5} Imposing sentence, the trial court stated that it considered the record, oral statements, any victim impact statements, the presentence investigation report, and the principles and purposes of sentencing under R.C. 2929.191 (sic) and the seriousness and

2.

recidivism factors under R.C. 2929.12. The court then sentenced Robinson to consecutive sentences, finding:

> The court finds that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the seriousness of the Defendant's conduct or the danger the Defendant poses to the public.

> The court further finds that these offenses were committed as part of one or more course of conduct and that the harm caused was so great or unusual that no single prison term for any offenses committed as part of the courses of conduct adequately reflects the seriousness of the offender's conduct. The Defendant's criminal history requires consecutive sentences.

{¶ 6} Robinson now appeals the judgment entry on sentencing.

## II. Assignment of Error

{¶ 7} Robinson asserts the following assignment of error on appeal:

> The record on appeal does not support the trial court's imposition of consecutive sentences by clear and convincing evidence.

## III. Analysis

{¶ 8} Robinson argues in his sole assignment of error that that his consecutive sentence is not supported by clear and convincing evidence. Sentencing challenges are reviewed under R.C. 2953.08(G)(2). The statute permits an appellate court to increase,

3.

reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing where the court finds:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 9} Prior to imposing a consecutive sentence, a trial court must consider the factors under R.C. 2929.14(C)(4), which relevantly provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

4.

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} When imposing consecutive sentences, "[t]he trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, and incorporate those findings into its sentencing entry." *State v. Gregory*, 2023-Ohio-331, 208 N.E.3d 166, ¶ 110 (6th Dist.), citing *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 11} Robinson first argues that concurrent sentences were appropriate in light of the trial court's question at sentencing regarding whether there was an agreement that the offenses would merge or whether they were committed with a separate animus. This assertion is unpersuasive because the state clearly indicated that the offenses were

5.

committed with a separate animus and there was no objection or argument to the contrary.

{¶ 12} Relying on *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607,[1] Robinson next argues that his age and long-term substance abuse and mental health issues demonstrate that his aggregate total sentence of approximately 12 to 17 years exceeds what is necessary to protect the public and inflict punishment and is therefore disproportionate to the seriousness of his conduct and the danger he poses to the public.

{¶ 13} In *Gwynne*, the Supreme Court of Ohio explained a trial court's obligations when imposing consecutive sentences and the scope of an appellate court's review of the sentence. The court interpreted R.C. 2929.14(C)(4) as requiring the trial court's consideration of the number of consecutive sentences and the aggregate term of the consecutive sentences that will result.

{¶ 14} Appellate review begins with a determination of whether the trial court made the required R.C. 2929.14 (C)(4) findings. If not, the sentence if contrary to law and it must be modified or vacated and remanded for resentencing. *Id.* at ¶ 25. If the findings have been made, appellate review of consecutive sentences under R.C. 2953.08(G)(2), requires that the court consider only the R.C. 2929.14(C)(4) findings *actually* made by the trial court, the court then determines whether clear and convincing

---

[1] An application for reconsideration was filed in *Gwynne* on January 3, 2023, and remains pending at the time of this decision.

6.

evidence supports the findings, and finally, whether the findings are supported by the record. An appellate court's review of the record is de novo and assesses the "both the quantity and quality of the evidence." *Id.* at ¶ 23, 29.

{¶ 15} Further, the "'proportionality analysis [required by R.C. 2929.14(C)(4)] "does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate [to the seriousness of the defendant's conduct and to the danger the defendant poses to the public]."'" *State v. Johnson*, 6th Dist. Lucas No. L-22-1095, 2023-Ohio-2008, ¶ 35, quoting *State v. Kelly*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 80, quoting *State v. Crim*, 2d Dist. Clark No. 2018-CA-38, 2018-Ohio-4996, ¶ 11.

{¶ 16} Here, the trial court made the necessary R.C. 2929.14(C)(4) findings. The court first stated that consecutive sentences were necessary to protect the public and punish the offender. Although the trial court needed to find only one of the factors under R.C. 2929.14(C)(4)(a)-(c), the court found that the offenses were committed as part of a course of conduct and the harm caused was so great that no single prison term was sufficient, R.C. 2929.14(C)(4)(b), and that Robinson's criminal history required consecutive sentences, R.C. 2929.14(C)(4)(c).

{¶ 17} Next, under *Gwynne* this court conducts a de novo review considering whether the record clearly and convincingly supports the trial court's findings. The

7.

record reflects that Robinson stabbed and killed the victim for pouring beer on him during a verbal altercation. Though admitting his guilt, Robinson claimed that he "accidently" stabbed the victim when trying run him off the porch. The record also reveals that instead of providing aid, Robinson left the scene and the weapon was never recovered. Robinson had an extensive criminal record including six prior felony and 22 misdemeanor convictions; he had two juvenile felony convictions.

{¶ 18} Reviewing the record de novo, we do not clearly and convincingly find that it does not support the trial court's findings. The above facts do not lead this court to a firm belief that a lengthy sentence is not necessary to protect the public from Robinson. Nor do we have a firm belief that the sentence is disproportionate to Robinson's conduct. Robinson's assignment of error is not well-taken.

## IV. Conclusion

{¶ 19} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Robinson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Thomas J. Osowik, J.                          _____
                                                            JUDGE

Christine E. Mayle, J.
                                             _____
Charles E. Sulek, J.                                        JUDGE
CONCUR.

                                             _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.